**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ALEXZANDRIA COLLINS,

        Plaintiff,

vs.

LANDRY'S INC., *et al.*,

        Defendants.

Case No. 2:13–cv–1647–JCM–VCF

<u>**ORDER**</u>

      This matter involves Alexzandria Collins' employment discrimination action against Landry's Inc. (Comp. #1-1) at 2–3[1]). Before the court is Collins' motion to compel (#19). Landry's filed an opposition (#21). For the reasons stated below, Collins' motion to compel is granted.

## BACKGROUND

      For the purposes of the motion before the court, the relevant background includes a discussion of Collins' alleged discrimination and an overview of the discovery dispute before the court. Both are discussed below.

**I.    <u>Collins Allegedly Suffers Racial Discrimination</u>**

      Alexzandria Collins is a waitress in Las Vegas. (Compl. (#1) at ¶ 13). On December 17, 2012, she was hired by SHē Nightclub as VIP cocktail waitress. (*Id*. at ¶¶ 11, 13). She was the only African American. (*Id*. at ¶ 13). It was a bad experience. One of her superiors was the VIP Promotion Director, Justin Hensley. (*Id*. at ¶ 14). Hensley allegedly degraded Collins on a regular basis because her race.

---

[1] Parenthetical citations refer to the court's docket.

(*Id*.) For instance, when Hensley first met Collins, he allegedly introduced himself saying that he was happy to finally meet the "token black girl." (*Id*.)

More offensive comments peppered Collins' first month of employment. (*Id*. at ¶¶ 15–17). Then, her shifts were cut. (*Id*. ¶ 18). Collins called her direct supervisory, Leah Benefield, about her reduced hours. (*Id*. ¶ 19). During the call, Collins also reported Hensley's offensive comments. (*Id*. ¶ 20). Benefield said, among other things, that she would handle the situation. (*Id*. at ¶ 22).

Nothing was done. (*Id*. at ¶ 23). Rather, Collins' hours were reduced again, even though other similarly situated white employees' hours were not reduced. (*Id*. at ¶ 24). Meanwhile, Hensley was promoted. (*Id*. at ¶ 27).

On February 4, 2013, the SHē Nightclub staff took an outing to the Marquee Nightclub. (*Id*.) Collins discussed her predicament with another manager, Jimmy Theobald. (*Id*. at ¶ 28). Laughing, he said: "really, that's a little fishy." (*Id*. at ¶ 29). "You should have told me," he continued. (*Id*. at ¶ 30).

Again, nothing changed. (*See id*. at ¶¶ 32–36). Collins repeatedly inquired about her hours. (*Id*.) Then, on February 12, 2013, she was fired. (*Id*. at ¶ 37).

## II. The Discovery Dispute

On September 12, 2013, Collins filed suit against SHē Nightclub's parent, Landy's Inc., alleging three causes of action under Title VII and a related state-law statute. The parties are currently conducting discovery; but Landy's apparently refuses to fully comply with Collins' discovery requests.

On February 19, 2014, Collins propounded her first sets of interrogatories, request of admissions, and request for production of documents. Following two extensions to respond to Collins' requests, Landy's answered on April 11, 2014. However, Collins was unsatisfied with Landy's responses. The parties met and conferred in person and by email. No resolution was reached.

Twelve discovery requests are at issue. (*See* Pl.'s Mot. to Compl (#19) at 5–8). Three of Landy's answers can be charitably characterized as responsive. For instance, interrogatory number six asks: "Describe any and all time that you received complaints or concerns concerning Supervisory Jimmy, including but not limited to (1) when the complaint was made; (2) who made the complaint; (3) the basis for the complaint; and (4) what actions were taken as a result."

Landy's responded to interrogatory six with a paragraph of boilerplate objections, which included somewhere in the middle a substantive response, reading: "none." Similar responses were given to Collins' sixteenth and eighteenth interrogatories. These interrogatories ask about conversations between Jimmy Theobald and Collins and actions Landy's took in response to Hensley's racial remarks. Tucked into the middle of a paragraph of boilerplate objections, Landy's answered two other requests, stating: "Defendant was not a party of these conversations and has no independent knowledge of the information requested" and "Hensley was talked to about Plaintiff's allegations." (*See* Def.'s Opp'n (#21) at 4).

However, the remaining responses to Collins' requests are entirely boilerplate. For instance, Landy's responded to several requests, stating:

> Defendant objects to this Request to the extent that it seeks information not relevant, not reasonably calculated to lead to discovery of admissible evidence, and not in the possession, custody, or control of Defendant. This Request seeks information that invades the privacy rights of non-party employees. Defendant also objects that the Request is vague, and unduly burdensome.

Similar responses were given to Collins' remaining requests. As a result, Collins filed the instant moved to compel on May 21, 2014. Landy's filed an opposition; but it opposition only addresses three of the disputed requests. (*See* Def.'s Opp'n (#21) at 3–4).

3

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs discovery's scope and limits. In pertinent part, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Rule 26 defines relevant information as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Rule 26 is liberally construed. *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).

Where—as here—a party resists discovery, the requesting party may file a motion to compel discovery. Rule 37 governs motions to compel. In pertinent part, it provides that a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory submitted under Rule 33" or "fails to respond" to a request under Rule 34. Before moving to compel, Rule 37 requires the movant to include a certification that the movant has "in good faith conferred or attempted to confer" with the party resisting discovery before seeking judicial intervention. FED. R. CIV. P. 37(a)(1); *see also ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996) (discussing the meet and confer requirement).

Parties resisting discovery carry the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The objecting party must show that the discovery request is overly broad, unduly burdensome irrelevant. *Teller v. Dogge*, No. 2:12-cv-00591-JCM, 2013 WL 1501445 (D. Nev. Apr. 10, 2013) (Magistrate Judge Foley) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253–4 (S.D. Ind. 2000).

To meet this burden, the objecting party must specifically detail the reasons why each request is improper. *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). Boilerplate, generalized objections are inadequate and tantamount to making no objection at all. *Id*. (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (objecting party must show

a particularized harm is likely to occur if the requesting party obtains the information that is the subject of the particular objections; generalized objections are insufficient)).

Therefore, the party opposing discovery must allege (1) specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence, or (2) sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request. *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524 (D. Nev. 1997) (citations omitted); *Cory v. Aztec Steel Bldg.*, Inc., 225 F .R.D. 667, 672 (D. Kan. 2005).

The court has broad discretion in controlling discovery, *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and in determining whether discovery is burdensome or oppressive. *Diamond State Ins. Co. v. Rebel Oil. Inc.*, 157 F.R.D. 691, 696 (D. Nev.1994). The court may fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense. *United States v. Columbia Board. Sys., Inc.*, 666 F.2d 364, 369 (9th Cir.1982) *cert. denied*, 457 U.S. 1118 (1982).

## DISCUSSION

Collins' motion to compel raises two questions: (1) whether Landy's should be compelled to respond to Collins' discovery request and, if so, (2) whether the court should order Landy's to satisfy Collins' fees, costs, and expenses in connection with the motion to compel. Each issue is addressed below.

I.     **Whether Collins' Motion to Compel should be Granted**

Collins' motion to compel is granted for two reasons. First, Landy's responses to Collins' discovery requests are boilerplate. Objections to discovery requests cannot be conclusory. Proper objections "show" or "specifically detail" why the disputed discovery request is improper. *Blankenship*, 519 F.2d at 429; *Walker*, 186 F.R.D. at 587; *Teller*, 2013 WL 1501445. Here, Landy's objections show

5

nothing and detail nothing. Because boilerplate objections are "tantamount to making no objection at all," *see Walker*, 186 F.R.D. at 587 (citing *Cipollone*, 785 F.2d at 1121)), and the time to object as now expired,[2] Landy's must provide Collins with meaningful responses.

Second, Landy's effectively failed to oppose Collins' motion. Local Rule 7-2(d) of the District of Nevada's Local Rules of Practice state that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Here, Landy's filed an opposition; but the opposition does not include any "points and authorities in response to" nine of the twelve discovery requests at issue. This was mistaken. Landy's opposed Collins' motion in form but not in substance, as Local Rule 7-2(d) requires.

## II.     Whether Rule 37 Sanctions should be Imposed

Having determined that Collins' motion to compel prevails, the court now considers whether Landy's should be ordered to satisfy Collins' fees, costs, and expenses.

Federal Rule of Civil Procedure 37(a)(5) governs motions to compel and the payment of expenses. Rule 37(a)(5)(A) states that "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)'s Advisory Committee Notes emphasize that "expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying this point to court." *Id*. Advisory Comm. Notes, 1970 Amend. This provision "presses the court to address itself to abusive [discovery] practices." *Id*.

---

[2] Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2) require objections to be made within 30 days of being served with a set of interrogatories or request for production of documents. Here, Collins' requests were served on or about February 19, 2014. After two extensions, Landy's answered with boilerplate objections. Boilerplate objections are tantamount to making no objection. *Walker*, 186 F.R.D. at 587 (citing *Cipollone*, 785 F.2d at 1121. The time to object has expired. Landy's must, therefore, answer.

An award of expenses is inappropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's non-disclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A)(i–iii), 37(a)(5)(B). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. FED. R. CIV. P. 37(a), Advisory Comm. Notes, 1970 Amend. Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Landy's must pay Collins' reasonable attorney's fees and expenses for two reasons. First, as discussed above, Landy's responses to Collins' discovery requests are boilerplate and devoid of any meaningful response. This is impermissible. The discovery rules are designed to be self-executing to avoid unnecessary court involvement and the needless accrual of costs and expenses. *See Goodman v. Staples*, 644 F.3d 817, 827 (9th Cir. 2011) (stating that Rule 37 "gives teeth" to the rules' discovery requirements). Here, Landy's disregarded the rule's clear mandate that prohibits boilerplate responses and enlisted the court to decide whether Collins' motion is meritorious. This was unnecessary.

Second, Landy's argues that Rule-37 sanctions should not be imposed because the Ninth Circuit held in *Fjelstad v. American Honda Motor Company* that "[s]anctions are not proper unless there is a complete failure to respond." (*See* Def.'s Opp'n (#21) at 6:14–15) (citing *Fjelstad*, 762 F.2d 1334, 1339–1440 (9th Cir. 1985)). This is incorrect for several reasons. *Fjelstad* does not stand for the proposition that "[s]anctions are not proper unless there is a complete failure to respond." The Ninth Circuit made no such statement in *Fjelstad*. Additionally, *Fjelstad* discusses the imposition of case-dispositive discovery sanctions, not the payment of attorney's fees and expenses. *Fjelstad*, 762 F.2d at 1339–1440 (citing FED. R. CIV. P. 37(b)(2)). These are very different issues. Finally, in *Fjelstad*, the

Ninth Circuit affirmed the district court's imposition of sanctions. It did not, as Landy's suggests, limit the court's authority to impose sanctions under Rule 37.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Collins' motion to compel (#19) is GRANTED. Proper responses must be produced by July 2, 2014.

IT IS FURTHER ORDERED that the court's June 27, 2014 hearing is VACATED.

IT IS FURTHER ORDERED that Collins must file an AFFIDAVIT detailing the costs incurred in connection with her motion to compel no later than July 2, 2014.

IT IS FURTHER ORDERED that Landry's may file a RESPONSE to Collins' affidavit by July 8, 2014. No replies will be considered. An additional written order will follow.

IT IS SO ORDERED.

DATED this 17th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE