UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ALEXZANDRIA COLLINS, | Case No. 2:13–cv–1674–RFB–VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| LANDRY'S INC., *et al.*, | MOTION FOR A PROTECTIVE ORDER (#37) |
| Defendants. | COUNTER MOTION TO COMPEL (#39) |

This matter involves Alexzandria Collins' employment-discrimination action against Landry's Inc. (Comp. #1-1) at 2–3[1]). Before the court is Landry's Motion for a Protective Order (#37) and Collins' Counter Motion to Compel (#39). For the reasons stated below, the parties' motions are denied with leave to renew.

### BACKGROUND

Alexzandria Collins is a waitress in Las Vegas. (Compl. (#1) at ¶ 13). On December 17, 2012, she was hired by SHē Nightclub as VIP cocktail waitress. (*Id*. at ¶¶ 11, 13). Collins was the only African American at SHē. (*Id*. at ¶ 13). One of her superiors was the VIP Promotion Director, Justin Hensley. (*Id*. at ¶ 14). Hensley allegedly degraded Collins on a regular basis because of her race. (*Id*.) For instance, when Hensley first met Collins, he allegedly introduced himself saying that he was happy to finally meet the "token black girl." (*Id*.)

More offensive comments occurred during Collins' first month of employment. (*Id*. at ¶¶ 15–17). Then, her shifts were cut. (*Id*. ¶ 18). Collins called her direct supervisor, Leah Benefield, about her reduced

---

[1] Parenthetical citations refer to the court's docket.

1

hours. (*Id*. ¶ 19). During the call, Collins reported Hensley's offensive comments. (*Id*. ¶ 20). Benefield said, among other things, that she would handle the situation. (*Id*. at ¶ 22).

Nothing was done. (*Id*. at ¶ 23). Rather, Collins' hours were reduced again, even though other similarly situated white employees' hours were not reduced. (*Id*. at ¶ 24). Meanwhile, Hensley was promoted. (*Id*. at ¶ 27).

On February 4, 2013, the SHē Nightclub staff took an outing to the Marquee Nightclub. (*Id*.) Collins discussed her predicament with another manager, Jimmy Theobald. (*Id*. at ¶ 28). Laughing, he said: "really, that's a little fishy." (*Id*. at ¶ 29). "You should have told me," he continued. (*Id*. at ¶ 30).

Again, nothing changed. (*See id*. at ¶¶ 32–36). Collins repeatedly inquired about her hours. (*Id*.) Then, on February 12, 2013, she was fired. (*Id*. at ¶ 37). This action followed.

Now, the parties are attempting to complete discovery. Throughout the discovery period, Collins has attempted to locate and depose Hensley and Theobald. She hired investigators and worked with defense counsel to find them. Discovery has been extended several times in order to facilitate the search. To date, Collins has been unable to locate and/or depose either Hensley or Theobald.

Accordingly, nineteen days before the discovery cutoff date, Collins served additional written discovery requests on Landry's in connection with Hensley and Theobald. Because Collins' written discovery request were not served at least thirty-three days before the close of discovery, Landry's moves for a protective order that excuses it from responding to the untimely requests. In response, Collins moves to compel and requests an order (1) compelling discovery, (2) sanctioning Landry's and (3) requiring Landry's to produce Hensley and Theobald for a deposition.

## DISCUSSION

The parties' motions are denied with leave to renew. On March 11, 2015, the court entered the controlling discovery plan and scheduling order, which set March 31, 2015 as the discovery cut-off date.

2

*See* (Doc. #36 at 5:3). The parties sought an extension of the previous discovery cut-off date for one reason: to conduct six depositions. *See* (*id*. at 3:1–13). Because Collins has been unable to locate two of the deponents, she served additional written discovery requests on Landry's, nineteen days before the March 31, 2015 discovery cut-off date. This was improper for two reasons.

First, Collins additional written discovery requests were untimely because they were not served at least 30 days before the discovery cut-off date. *See, e.g.*, *Bishop v. Potter*, No. 2:08–cv–726–RLH–GWF, 2010 WL 2775332, at *1 (D. Nev. July 14, 2010); *Andrews v. Raphaelson*, No. 2:06–cv–209–RCJ–GWF, 2007 WL 160783, at *6 (D. Nev. Jan. 12, 2007).

Second, the controlling discovery plan and scheduling order extended discovery for the purpose of conducting depositions, not propounding additional written discovery requests. *See* (Doc. #36 at 3:1–13).

The court therefore denies both motions with leave to renew. Discovery is currently closed. If the parties wish to obtain additional discovery, the movant must satisfy Federal Rule of Civil Procedure 16's requirements and demonstrate excusable neglect under Local Rule 26-4. Additionally, the parties must comply with Local Rule 26-4(b) and identify, *inter alia*, "the discovery that remains to be completed."

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Landry's Motion for a Protective Order (#37) is DENIED with leave to renew.

IT IS FURTHER ORDERED that Collins' Counter Motion to Compel (#39) is DENIED with leave to renew.

IT IS FURTHER ORDERED that the parties MEET & CONFER regarding the matters discussed in this order before filing additional discovery motions.

IT IS SO ORDERED.

DATED this 3rd day of June, 2015.

                                                _____
                                                CAM FERENBACH
                                                UNITED STATES MAGISTRATE JUDGE