**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ALEXZANDRIA COLLINS,

            Plaintiff,

vs.

LANDRY'S, INC.; *et.al.*,

            Defendants.

Case No. 2:13–cv–1674–RFB–VCF

**<u>ORDER</u>**

MOTION FOR SANCTIONS (ECF NO. 51)

      This matter involves Plaintiff Alexzandria Collins' civil action against Defendant Landry's, Inc. Before the court are Collins' motion for sanctions, ECF No. 51, Landry's response, ECF No. 52, and a supplement to Landry's response. ECF No. 53.[1] For the reasons stated below, Collins' motion is denied.

**I. Legal Standard**

      Under Federal Rule of Civil Procedure 37, the court may strike a defendant's answer if the defendant disobeys the court's discovery order. When the court considers whether to strike a defendant's answer, it balance these five factors:

> (1) [T]he public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Prejudice and the availability of less drastic sanctions are the most important factors in the court's analysis. *Id.*

/// /// ///

---

[1] Collins' reply was due on April 28, 2016. As of May 5, 2016, the court has not received Collin's reply.

**II. Discussion**

The parties present one issue: whether striking Landry's answer is an appropriate sanction for its delayed payment of a monetary sanction.

1. <u>The Court Will Not Strike Landry's Answer</u>

Landry's conduct in this action does not warrant a case dispositive discovery sanction. In June 2014, this court sanctioned Landry's for serving boilerplate discovery objections and ordered Landry's to pay Collins $1,425.000 in attorneys' fees. ECF No. 23; ECF No. 28. The court did not set a date by which the Landry's had to pay its sanction. ECF No. 28. In December 2015, Collins asked Landry's why it had not paid the sanctions award. ECF No. 51-2. Over the next four months, the parties attempted to arrange for the transfer of funds, but were unable to agree about when the funds would be paid. On April 26, 2016, after Collins' filed her motion for sanctions, Landry's paid her $1,425.00.

Ordinarily, a defendant must violate multiple discovery orders or repeatedly violate the same discovery order before the court will consider striking the defendant's answer. *See Wanderer*, 910 F.2d at 656. Here, Landry's has satisfied the July 24, 2014 judgement entered against it and has not violated a court order. ECF No. 28. Although delayed, Landry's did pay the sanctions that the court assessed against it.

It is troubling that Landry's delayed payment for almost 20 months. Ms. Ginapp is admonished

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

that as an attorney admitted to this court, she must either timely object or promptly comply with a Magistrate Judge's order.

ACCORDINGLY, and for good cause,

IT IS HEREBY ORDERED that Collins' motion for sanctions, ECF No. 51, is DENIED.

IT IS SO ORDERED.

DATED this 5th day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE