UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALEXZANDRIA COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>LANDRY'S, INC.,<br><br>Defendant. | Case No. 2:13-cv-01674-RFB-VCF<br><br>**ORDER**<br><br>Motion for Reconsideration |

## I. INTRODUCTION

Before the Court is Defendant's Motion for Reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment (ECF No. 60). For the reasons stated below, the Motion is denied.

## II. BACKGROUND

Plaintiff filed her Complaint on July 18, 2012. ECF No. 1. Defendant filed an answer and counterclaim on September 26, 2012. ECF Nos. 9 and 10. Defendant submitted its Motion for Summary Judgment on May 18, 2015. The Court held a hearing on March 23, 2016. ECF No. 50. At the hearing, the Court denied Defendant's Motion. Id. The Court issued an Order explaining its

summary judgment ruling on August 19, 2016. ECF No. 59. Defendant filed the instant Motion for Reconsideration on September 2, 2016. ECF No. 60. The Court denied the Motion for Reconsideration in a minute order on September 30, 2017. This Order now clarifies the Court's reasoning.

**III. LEGAL STANDARD**

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation and citation omitted). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

**IV. DISCUSSION**

Defendant argues that the Court misconstrued certain facts in its Order and did not properly apply the relevant legal standards, such that summary judgment should have been granted in its favor. Having reviewed the record, the Court will not reconsider its Order.

Defendant takes issue with certain undisputed facts found by the Court. Defendant argues it is not undisputed that Plaintiff's shifts were cut. However, Defendant's own Motion for Summary Judgment states that it is undisputed that "[e]very SHē Nightclub employees' hours were

decreasing." ECF No. 43 at 5. Defendant also argues that "[t]he presentation of this fact in the undisputed section also improperly connotes that Plaintiff's complaint to her supervisor preceded any purported scheduling reduction." ECF No. 60 at 6. The Court did not make any undisputed factual findings in its Order regarding the timing of Plaintiff's complaints in comparison to a decrease in hours or whether Plaintiff was treated differently than other employees a result of her complaints. Defendant is free to make arguments at trial regarding the degree to which Plaintiff's hours were decreased, the reasons for the decrease in hours and for her termination, whether Plaintiff was treated differently than other employees, and whether the timing of the complaints, changes in hours, and termination support the conclusion that Plaintiff was discriminated or retaliated against.

Defendant also argues that the Court improperly applied the summary judgment standard because the facts do not support denial of summary judgment on the Title VII and §1981 discrimination, hostile work environment, retaliation, or wrongful termination claims. Nothing in Defendant's Motion has persuaded the Court that it committed clear error, such that it would reconsider its rulings on these claims. Marlyn Nutraceuticals, 571 F.3d at 880. The Court finds that there is a question of fact regarding whether Plaintiff was terminated because of poor performance and declining business, or whether Defendant's articulated reasons are pretextual. There is a question of fact regarding what Defendant did to address Hensley's derogatory behavior. There is a question of fact regarding whether Plaintiff's hours were decreased and she was terminated in retaliation for protected activity. There is a question of fact regarding whether Theobold, the person who terminated Plaintiff, was aware of Plaintiff's complaints. Each of these questions requires a searching factual inquiry that is best decided by a jury. The Court will not reconsider its decision to allow these claims to proceed to trial.

Finally, even if some of the facts in the undisputed fact section of the Court's order are disputed, the Court finds that the consideration of the facts as disputed would not alter the Court's ultimate determination in this case.

## V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment (ECF No. 60) is DENIED.

DATED: June 12, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**